```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREW TORO, on behalf of himself and
all similarly situated,

                           Plaintiffs,

           - against -

VAPOR BOSS, LLC,

                           Defendant.
------------------------------------------------------------X

24-CV-1401 (JGLC) (RWL)

**ORDER**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

By Order dated November 14, 2024, the Hon. Jessica G. L. Clarke, U.S.D.J., granted a default judgment against Defendant Vapor Boss, LLC and referred this matter to me to conduct an inquest concerning Plaintiff's damages and other relief. (Dkt. 21.) Accordingly:

1. **Required Submission:** Plaintiff shall file Proposed Findings of Fact and Conclusions of Law concerning all damages and any other relief permitted no later than December 12, 2024. The submission shall contain a concluding paragraph that succinctly summarizes what damage amount (or other monetary relief) is being sought, including the exact dollar amount, and the precise terms of any injunctive relief sought. In lieu of the foregoing, Plaintiff may rely on and refer to earlier filings on the docket (such as those submitted in support of the motion for default judgment), provided those filings contain the requisite information as set forth herein and that Plaintiff identifies those filings.

2. **Proposed Findings of Fact:** Plaintiff's Proposed Findings of Fact should specifically tie the proposed damages figure and other relief sought to the legal claim(s) on which liability has been established; should demonstrate how Plaintiff arrived at the

1

proposed damages figure; and should be supported by one or more affidavits, which may attach any documentary evidence establishing the proposed damages. Each Proposed Finding of Fact shall be followed by a citation to the paragraphs of the affidavit(s) and or page of documentary evidence that supports each such Proposed Finding. Plaintiff's papers must include an affidavit from someone with personal knowledge, setting forth the facts which establish that the Court has both personal jurisdiction over the defendant, and jurisdiction over the subject matter. To the extent the Proposed Findings contain any allegations regarding liability, the Proposed Findings should cite to the appropriate paragraph of the complaint.

3. **Attorneys' Fees:** Any request for attorneys' fees must be supported by contemporaneous time records showing, for each attorney and timekeeper, the date of service, the hours expended, and the nature of the work performed. Counsel should also provide the number of years they have been admitted to the bar, a brief description of their experience, their hourly rate, and any information supporting the reasonableness of the rates sought. Counsel should also explain why the time expended is reasonable. The Conclusions of Law shall include a paragraph or paragraphs setting forth the legal basis for any requested award of attorneys' fees.

4. **Memorandum of Law:** In lieu of conclusions of law, Plaintiff may submit a memorandum of law setting forth the legal principles applicable to Plaintiff's claim or claims for damages (including but not limited to the legal basis for any claim for interest or attorneys' fees). In either instance, Plaintiff shall **SHOW CAUSE** why his claim should not be dismissed for failure to state a claim in light of recent decisions in this District finding that websites with no adjunct brick-and-mortar stores are not places of public

accommodation within the meaning of the law on which Plaintiff bases his claims. *See Sookul v. Fresh Clean Threads, Inc.*, No. 23-CV-10164, 2024 WL 4499206 (S.D.N.Y. Oct. 16, 2024); *Mejia v. High Brew Coffee, Inc.*, 22-CV-33676, 2024 WL 4350912 (S.D.N.Y. Sept. 30, 2024).

5. **Defendant's Response:** Defendant shall send to Plaintiff's counsel and file with the Court its response, if any, to Plaintiff's submissions no later than January 9, 2025.

6. **Hearing:** The Court may conduct this inquest based solely upon the written submissions of the parties. *See Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (quoting *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)); *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund & Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (citation omitted). To the extent that any party seeks an evidentiary hearing on the issue of damages, such party must set forth in its submission the reason why the inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing and the nature of the evidence that would be submitted.

7. **Service:** Service of this Order shall be made no later than 3 days following entry. Service of the documents to be filed and served by Plaintiff on Defendant shall be made no later than 3 days following filing, pursuant to methods of service previously approved by the Court in this case. Plaintiff shall file proofs of service of same no later than 3 days following the date of service.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:   November 15, 2024
         New York, New York

4